**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN L. MARTIN, | Civil Action No. 03-5885 (WHW) |
| Petitioner, | |
| v. | **OPINION** |
| ROY L. HENDRICKS, et al., | |
| Respondents. | |

**APPEARANCES:**

Petitioner pro se
Kevin L. Martin
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Counsel for Respondents
Joan E. Love
Ofc. of the Essex Co. Prosec.
Essex County Courts Bldg.
Newark, NJ 07102

**WALLS**, District Judge

Petitioner Kevin L. Martin, , a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Roy L. Hendricks and the Attorney General of New Jersey.

For the reasons stated herein, the Petition must be denied.

I. BACKGROUND

Pursuant to a jury trial in the Superior Court of New Jersey, Law Division, Essex County, Petitioner was convicted of felony murder, first-degree robbery (two counts), theft by

receiving stolen property, possession of a handgun without a permit (two counts), possession of a shotgun without a firearms purchaser identification card, second-degree aggravated assault and attempted murder. (Ra3 at 1.) On August 6, 1992, Petitioner was sentenced to life imprisonment with a 30-year parole disqualifier. (Ra1 at Da32.)

Petitioner timely appealed. By Opinion entered November 9, 1994, the Superior Court, Appellate Division, affirmed. (Ra3.) On May 2, 1995, the Supreme Court of New Jersey denied certification. State v. Martin, 141 N.J. 94 (1995).

Petitioner filed a motion for post-conviction relief in the trial court some time in 1999. (Ra6.) The trial court denied relief on September 7, 1999. (Ra4 at Da88.) On September 19, 2001, the Appellate Division affirmed the denial of relief. (Ra6.) On May 22, 2002, the Supreme Court of New Jersey denied certification. (Ra8.) State v. Martin, 172 N.J. 358 (2002).

This Petition, dated December 3, 2003, followed. Respondents have answered, asserting that the Petition is untimely. Petitioner refused to accept the Respondents' Answer, (Docket Entry No. 9), and has not filed a reply in opposition to the defense of untimeliness or otherwise in support of the Petition. This matter is now ready for disposition.

2

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> ...
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> ...

## III.  ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 122 S.Ct. 2134 (2002), and through the time in

4

which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 122 S.Ct. 364 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted). Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker,

5

533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1999) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Here, Petitioner's conviction became final before April 24, 1996. It appears that Petitioner's state court petition for post-conviction relief was not filed until some time in 1999, but was considered on the merits. (Ra6.) This court need not decide whether that petition was "properly filed" and the dates it was pending, however, for purposes of evaluating whether and when the limitations period may have been statutorily tolled, because more than a year lapsed between the conclusion of state post-conviction relief proceedings on May 22, 2002, at which time any statutory tolling ceased, and the filing of this Petition, at the earliest, on December 3, 2003, the date the Petition was signed.

Petitioner has failed to respond to Respondents' assertion that the Petition is time-barred. No facts are alleged in the Petition that would justify equitable tolling. Thus, the Petition is untimely, and this Court must deny relief.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

7

Here, jurists of reason would not find it debatable whether the Petition is time-barred. Accordingly, no certificate of appealability shall issue.

## V. CONCLUSION

For the reasons set forth above, the Petition must be denied. An appropriate order follows.

_____
William H. Walls
United States District Judge

Dated: